## PURDEE vs. COCKE.

### APPEAL FROM THE COMMERCIAL COURT OF NEW ORLEANS.

Where an amended petition was filed with a new affidavit and bond, correcting the *name of the defendant*, but no *new order* of attachment was granted: *Held*, that the attachment issuing thereon is a nullity.

This suit commenced by attachment. The petition was filed the 25th of January, 1841, in which the plaintiff alleges that one Charles F. Cocke is indebted to him in the sum of $830, as overseer of his plantation; and being the balance due on an order or draft of defendant in his favor drawn on R. Eggleston. A writ of attachment issued according to the prayer of the petitioner.

On the 30th of January, by leave of the court, the plaintiff filed an amended petition, accompanied by a new affidavit and bond, alleging that he had sued the defendant by the wrong name through mistake, and that his true name was " Chastine Cocke." He prayed that a writ of attachment issue

against the defendant, Chastine Cocke. The writ of attachment issued without any order.

A rule was taken on the plaintiff to show cause why the attachment should not be set aside on the ground that no *order* for issuing it had been granted. On hearing the parties the rule was discharged.

There was judgment for the plaintiff and the defendant by his attorney appealed.

*Peyton & I. W. Smith*, for the plaintiff:

1. The court below properly overruled the motion to dismiss the attachment. No order to issue the attachment was necessary. The clerk is authorized to issue the writ, *see act of March 25th, 1828, sec. 18.* If any order were necessary it would be an order from the clerk directed to himself. Besides if any order should be deemed necessary, the order of the court directing the amended petition to be filed may be considered as one.

2. The testimony proves that the order sued on was drawn in Mississippi by the defendant upon his agent residing there, to be paid by money to be received by the latter from a debtor of the former ; and that what was received was paid over and credited on the order. More than four months afterwards the defendant recognized this debt in his letter, and promised that he and his partner " will make the draft good."

3. The order sued on is not a bill of exchange : if it were, the testimony shows that the drawer had no funds. If notice were necessary the letter of the defendant afterwards admits the debt and proves clearly he knew the draft was not paid, and yet he promises that he and his partner will at all events make the draft good. If the drawee had no funds then no protest or notice to the defendant was necessary.

*Maybin*, for the defendant and appellant :

1. That the first order of attachment having been issued against Charles F. Cocke, no order of attachment has been

EASTERN DIS. issued against the defendant under his real name as Chastine
*May*, 1841. Cocke.

PURDEE
vs.
COCKE.

2. No proof of the non-payment, and legal notice to the defendant of the non-payment of the order or bill of exchange sued on is given.

3. The defendant has not waived the necessity of such proof, for the letter of the defendant does not prove the identity of the order, and that he knew that said notice had not been given.

4. If responsible at all, the defendant must be only for his share or one-half.

*Morphy, J.* delivered the opinion of the court.

This suit had commenced by attachment against Charles F. Cocke. A few days after, plaintiff presented a petition stating that through error, defendant's name had been set forth as Charles F. Cocke, when in fact his true name was Chastine Cocke, and asking that the original petition should be amended accordingly. A new affidavit and bond were annexed to this petition, and a writ of attachment was prayed for against Chastine Cocke; leave of the court was obtained to file the amended petition, but no order for the issuing of the second attachment was given either by the judge or by the clerk of the court below. A motion was made to set aside the proceedings on the ground that they were not authorized by any order of the court, and were therefore illegal and void. This motion was overruled below, but it has been renewed and insisted on here by the counsel appointed to represent the absent debtor. It is contended on the part of plaintiff and appellee that no such order was necessary; that the 18th section of the act approved on the 25th of March, 1828, which gives to the clerk the right of issuing orders of arrest, attachment, &c., authorizes him to issue the writs himself, without the vain and useless ceremony of making an order directed to, and to be executed by himself. We cannot give our assent to this proposition. It would be doing away entirely with the necessity of

an order in every case, which is contrary to the very terms of
the statute, which provides, " that the orders of arrest, attach-
ment, provisional seizure and injunction, &c., may be issued
either by the judge before whom the cause is brought or by
the clerk of his court, provided that the parties applying for the
same comply with the formalities prescribed by law to obtain
any of the above mentioned orders." Before this enactment
none of these extraordinary remedies could be obtained with-
out an order of the judge. The only change made by this law
is to give to the clerks of courts concurrently with the judge,
the power of making such orders; but from the very wording
of this amendment it is apparent that the judicial order there-
tofore required for the issuing of these several writs was not in-
tended to be dispensed with. The order authorizing the issuing
of a writ and the writ itself are distinct and different things.
The one is a judicial act determining the amount of the bond to
be given, accepting the surety offered, &c.; the other is the per-
formance of a ministerial duty. An order when issued by the
clerk under this express law is to be considered an order of
the court as much as if given by the judge himself. It is there-
fore an order of court, which the clerk executes and not his
own, when he issues the writ which it authorizes. The plain-
tiff seems to have been fully aware that an order was necessary
for the record shows that he took care to have one made out by
the clerk when he filed his original petition. The second at-
tachment sued out against Chastine Cocke being a distinct
proceeding from the first should have been attended by the
same formality. It must stand by itself and can derive no va-
lidity or support from the order authorizing the previous at-
tachment against Charles F. Cocke. Plaintiff having treated
the first attachment as a nullity and prayed for a new writ,
it could not lawfully issue without an order of the court.
In Lacy vs. Kenley, 3 Louisiana Reports, 18; we have
said " whatever may be the general doctrine of nullity,
relating to contracts or judicial proceedings, in ordinary cases,
it is believed that in the extraordinary remedy by attachment

Where an amended peti-tion was filed with a new affi-davit and bond, correcting the *name of the de-fendant,* but no *new order* of attachment was granted: *Held,* that the attach-ment issued thereon is a nul-lity.

all the forms prescribed by law for this process must be strict-ly pursued, on pain of nullity, as a consequence of their ne-glect."

It is therefore ordered that the judgment of the Commercial Court be avoided and reversed, and it is further ordered that there be judgment for the defendant as in a case of non-suit with costs in both courts,